*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBERT A. HOLLON,

        Defendant-Appellant.

UNPUBLISHED
July 16, 2026
12:20 PM

No. 377838
Oakland Circuit Court
LC No. 2024-291294-FH

Before: TREBILCOCK, P.J., and CAMERON and LIEVENSE, JJ.

TREBILCOCK, P.J. (concurring).

I agree with my colleagues that the trial court erroneously denied defendant's motion to exclude evidence for the reasons largely set forth in their opinion. But I write separately to state that extending *People v Meeboer (After Remand)*, 439 Mich 310; 484 NW2d 621 (1992), to adult, non-sexual assault cases involving suspected domestic violence is consistent with MRE 803(4)'s underlying rationale: "(1) the self-interested motivation to speak the truth to treating physicians in order to receive proper medical care, and (2) the reasonable necessity of the statement to the diagnosis and treatment of the patient." *Id*. at 322. The facts of this case exemplify why.

Defendant allegedly pushed WP down a flight of stairs in their home in Southeast Michigan in early June 2024. A few days later, WP traveled over four hours north to the Traverse City area with a neighbor's assistance. Within 48 hours of arriving in the area, WP experienced significant health problems, her neighbor called 911, and an ambulance transported WP to Munson Medical Center in Traverse City for her to receive emergency treatment for her injuries. She was eventually transferred to Henry Ford Hospital in Detroit, but died several days after her admission.

The urgency of her medical condition, that the statements were made in the back of an ambulance, and while receiving emergency medical care at a hospital align well with the trustworthiness factor to be considered under *Meeboer*. The same would likely apply to the future testimony of the paramedic and emergency room doctor on remand concerning why the questions they asked that elicited identifying information from WP were reasonably necessary for the emergent care being provided to WP and related services necessary to protect her health and welfare once stabilized. In my view, the size and force of the person pushing another down a flight

of stairs, the number of stairs in that flight, and the identity of the person when that person may appear at a hospital to provide input on medical care decisions could be reasonably relevant to the emergent care in this case. While I agree with my colleagues that the sparse record in this case is currently insufficient to anchor the trial court's decision, I do not hold reservations in extending the rationale of *Meeboer* to this or similar cases.

For these reasons, I concur in the result only.

/s/ Christopher M. Trebilcock